[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15302
Non-Argument Calendar
_____

Agency No. A202-002-848

KAREN GISSEL GONZALEZ-DE MOREIRA,
BRYAN ALEJANDRO ABREGO-GONZALEZ,
RAFAEL EDUARDO MOREIRA-GONZALEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 9, 2019)

Before MARCUS, FAY, and EDMONDSON, Circuit Judges.


PER CURIAM:


Karen Gonzalez-De Moreira ("Petitioner") and her two minor sons,[1] natives and citizens of El Salvador, petition for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ").  The IJ's decision denied asylum and withholding of removal.[2]  No reversible error has been shown; we deny the petition.

We review only the decision of the BIA, except to the extent that the BIA adopts expressly the IJ's decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Because the BIA agreed expressly with parts of the IJ's reasoning in this case, we review both the IJ's and the BIA's decisions.  See id.

We review de novo the BIA's legal conclusions, including whether a proposed group qualifies as a "particular social group" under the Immigration and

---

[1] Petitioner's application sought derivative relief for her two sons, B.A. and R.E., who are listed as petitioners in this appeal.  B.A. also filed his own application for asylum and for withholding of removal.

[2] The IJ also denied relief under the Convention Against Torture.  We will not address this claim, however, because Petitioner and B.A. do not challenge the denial of this form of relief on appeal.  See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Nationality Act ("INA").  Gonzalez v. United States Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016).  Although our review is de novo, we defer to the BIA's interpretation of the phrase "particular social group" if the BIA's interpretation is reasonable.  Id. at 404.

We review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc).  We "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  Id. at 1027.  To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it."  Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if she is a "refugee," that is, a person unable or unwilling to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including membership in a particular social group.  8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1).  The asylum applicant bears the burden of proving statutory "refugee" status

3

with specific and credible evidence.  Forgue v. United States Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

Petitioner and her son, B.A., each filed an application for asylum and for withholding of removal based on membership in a particular social group: "Salvadoran women who are victims of violence" and "Salvadoran children who are victims of violence," respectively.  Petitioner and B.A. each said that they had been abused physically and verbally by B.A.'s paternal grandfather, Mr. Abrego. Petitioner and B.A. also said that they had been threatened by gang members, who demanded food and money from the restaurant Petitioner co-owned with her husband and who attempted to recruit B.A. to join their gang.

The IJ denied relief, concluding that Petitioner and B.A. had failed to demonstrate membership in a "particular social group" within the meaning of the INA.  The IJ also concluded, in pertinent part, that Petitioner and B.A. had failed to establish that they had been mistreated "on account of" a statutorily protected ground.  The BIA affirmed the IJ's decision.

Petitioner and B.A. then petitioned for review with this Court; we granted the government's unopposed motion to remand for clarification.  On remand, the BIA -- in a three-member panel decision -- again affirmed the IJ's decision.  In pertinent part, the BIA agreed with the IJ's determination that the proposed social

4

groups were not cognizable under the INA.  The BIA also agreed with the IJ's determination that no nexus existed between the alleged mistreatment and a statutorily protected ground.

For purposes of the INA, a "particular social group" means a group of people who "share a common, immutable characteristic."  Gonzalez, 820 F.3d at 404.  The group "must also be defined with particularity and socially distinct within the society in question."  Id. (quotations omitted).  In other words, the group must "be discrete and have definable boundaries" and may not be "amorphous, overbroad, diffuse, or subjective."  Id.

A "particular social group" may not be defined exclusively by evidence that the group's proposed members have been persecuted or face the risk of persecution.  See, e.g., Perez-Zenteno v. United States Att'y Gen., 913 F.3d 1301, 1310 (11th Cir. 2019) ("Mexican citizens targeted by criminal groups because they have been in the United States and have families in the United States" is not a cognizable "particular social group" under the INA "because its defining attribute is the risk of persecution stemming from being targeted by criminal groups."); Castillo-Arias v. United States Att'y Gen., 446 F.3d 1190, 1198 (11th Cir. 2006) (concluding that "noncriminal informants working against the Cali drug cartel" was no "particular social group": "[t]he risk of persecution alone does not create a

5

particular social group within the meaning of the INA, as virtually the entire population of Columbia is a potential subject of persecution by the cartel."); Matter of M-E-V-G-, 26 I. & N. Dec. 227, 236 n.11 (BIA 2014) (recognizing as well-established "that the social group must exist independently of the fact of persecution"); Matter of W-G-R-, 26 I. & N. Dec. 208, 215 (BIA 2014) (same).

As an initial matter, we reject Petitioner's and B.A.'s contention that the BIA erred in relying on Matter of A-B-, 27 I. & N. Dec. 316 (A.G. 2018).  In Matter of A-B-, the Attorney General addressed "[w]hether, and under what circumstances, being a victim of private criminal activity" could constitute a cognizable "particular social group" under the INA.  27 I. & N. Dec. 316 (A.G. 2018) (concluding that the BIA erred in recognizing as a cognizable particular social group "El Salvadoran women who are unable to leave their domestic relationships where they have children in common with their partners.").  The Attorney General stressed -- based on established binding case law -- that "to be cognizable, a particular social group must 'exist independently' of the harm asserted in an application for asylum or statutory withholding of removal."  Id. at 334-35 (emphasis in original).  Nothing evidences that the BIA in this case misconstrued Matter of A-B- as a categorical bar to all asylum claims based on domestic violence.

6

Here, Petitioner and B.A. have failed to establish membership in a "particular social group" that is cognizable under the INA. The BIA and the IJ determined reasonably that the defining attribute of the proposed social groups -- "Salvadoran women who are victims of violence" and "Salvadoran children who are victims of violence" -- is that the members have been subjected to past abuse. That a "particular social group" must exist independently of the alleged past persecution or the risk of persecution is clear. See Perez-Zenteno, 913 F.3d at 1310; Castillo-Arias, 446 F.3d at 1198; Matter of A-B-, 27 I. & N. Dec. at 334-35; Matter of M-E-V-G-, 26 I. & N. Dec. at 236 n.11; Matter of W-G-R-, 26 I. & N. Dec. at 215.

Substantial evidence also supports the BIA's and IJ's determination that Petitioner and B.A. failed to demonstrate a nexus between the purported persecution and a protected ground. To demonstrate eligibility for asylum relief, applicants must show that their membership in the particular social group was a central reason for their persecution. See 8 U.S.C. § 1158(b)(1)(B)(i); Matter of A-B-, 27 I. & N. Dec. at 338 ("Establishing the required nexus between past persecution and membership in a particular social group is a critical step for victims of private crime who seek asylum.").

7

Petitioner testified that Mr. Abrego was physically and verbally abusive to her because Petitioner wanted to end her relationship with B.A.'s father (Mr. Abrego's son) and because Petitioner attempted to regain legal custody over B.A.[3] The record thus supports the BIA's and IJ's determination that Mr. Abrego's abuse of Petitioner was motivated by a personal dispute: not "on account of" Petitioner's being a "Salvadoran woman who was a victim of violence."

The record also supports the BIA's and IJ's determination that Mr. Abrego's abuse constituted acts of private violence unmotivated by B.A.'s purported affiliation with "Salvadoran children who had been victims of violence." B.A. said that Mr. Abrego was "always" violent and would hit B.A. "for no reason" or because Mr. Abrego was drunk. Evidence of acts of private violence are insufficient to establish persecution on account of a protected ground. See Rodriguez, 735 F.3d 1302, 1310 (11th Cir. 2013).

Nor does the record compel a finding that Petitioner or B.A. were targeted by gang members on account of their membership in the purported social groups. First, the record demonstrates that gang activity is commonplace in El Salvador. Moreover, the record supports a finding that gang members targeted Petitioner for extortion because she was a business owner, not because she was a female victim

---

[3] B.A. lived with Mr. Abrego between 2006 and 2009, while Petitioner was in the United States.

8

of violence.  In the same way, the record supports a finding that B.A.'s mistreatment by gang members was motivated by B.A.'s refusal to join the gang, not by B.A.'s membership in the proposed social group.  That Petitioner and B.A. were victims of gang-related criminal activity is no evidence of persecution based on a protected ground.  See Rodriguez, 735 F.3d at 1310; see also Matter of S-E-G-, 24 I. & N. Dec. 579, 584 (BIA 2008) (concluding that "Salvadoran youths who have resisted gang recruitment" constituted no "particular social group").

Substantial evidence supports the BIA's decision that Petitioner and B.A. were unentitled to asylum; the record and the law do not compel us to reverse that decision.  Because Petitioner and B.A. have not satisfied their burden of establishing eligibility for asylum, they are unable to demonstrate eligibility for withholding of removal.  See Forgue, 401 F.3d at 1288 n.4.

PETITION DENIED.

9